Shaun Setareh (SBN 204514)
shaun@setarehlaw.com
Thomas Segal (SBN 222791)
thomas@setarehlaw.com
Farrah Grant (SBN 293898)
farrah@setarehlaw.com
SETAREH LAW GROUP
420 N. Camden Dr., Suite 100
Beverly Hills, California 90210
Telephone (310) 888-7771
Facsimile (310) 888-0109

Attorneys for Plaintiff
LESTER PEREZ

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNLIMITED JURISDICTION

LESTER PEREZ, on behalf of himself and all other current and former non-exempt employees,

*Plaintiff*,

v.

LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts stock corporation; and DOES 1 through 50, inclusive,

*Defendants*.

Case No. 5:25-cv-10099-EKL

**CLASS ACTION**

**FIRST AMENDED COMPLAINT**

1. Failure to Provide Meal Periods (Lab. Code §§ 204, 223, 226.7, 512 and 1198);
2. Failure to Provide Rest Periods (Lab. Code §§ 204, 223, 226.7 and 1198);
3. Failure to Pay Hourly Wages (Lab. Code §§ 223, 510, 1194, 1194.2, 1197, 1997.1 and 1198);
4. Failure to Indemnify (Lab. Code § 2802);
5. Failure to Provide Accurate Written Wage Statements (Lab. Code §§ 226(a));
6. Failure to Timely Pay All Final Wages (Lab. Code §§ 201, 202 and 203);
7. Unfair Competition (Bus. & Prof. Code §§ 17200 *et seq.*);
8. Unfair Competition (Bus. & Prof. Code §§ 17200 *et seq*) (Secret Wage Scale)

**JURY TRIAL DEMANDED**

Plaintiff LESTER PEREZ ("Plaintiff"), on behalf of himself and all other current and former non-exempt employees, complains and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this class action against defendants LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts stock corporation; and DOES 1 through 50, inclusive, (collectively referred to as "Defendants") for alleged violations of the Labor Code. As set forth below, Plaintiff alleges that Defendants have

(1) failed to provide Plaintiff and all other similarly situated individuals with meal periods;

(2) failed to provide them with rest periods;

(3) failed to pay them premium wages for missed meal and/or rest periods;

(4) failed to pay them at least minimum wage for all hours worked;

(5) failed to pay them overtime wages at the correct rate;

(6) failed to pay them double time wages at the correct rate;

(7) failed to reimburse them for all necessary business expenses;

(8) failed to provide them with accurate written wage statements; and

(9) failed to pay them all of their final wages following separation of employment.

Based on these alleged violations, Plaintiff now brings this class action to recover unpaid wages, restitution, civil and statutory penalties, and related relief on behalf of himself and all other current and former non-exempt employees.

## JURISDICTION AND VENUE

2. This action was originally filed in the Superior Court of the State of California, County of Santa Clara, and was removed to this Court on November 21, 2025, pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1453, on the grounds that this Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).

3. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2), the Class Action Fairness Act, in that:

A. this is a putative class action involving 100 or more proposed class members;

B. at least one member of the proposed class is a citizen of a state different from at least one Defendant, satisfying CAFA's minimal diversity requirement; and

C. the aggregate amount in controversy for the putative class, exclusive of interest and costs, exceeds $5,000,000, based on the unpaid wages, actual damages, liquidated damages, restitution, and penalties sought by Plaintiff on behalf of himself and the putative class.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1441(a), which requires removal "to the district court of the United States for the district and division embracing the place where such action is pending," which is the Northern District of California, as this action was originally filed in the Superior Court of the State of California, County of Santa Clara.

5. Venue is also proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because Defendant is subject to personal jurisdiction in this District with respect to this action and therefore resides in this District within the meaning of 28 U.S.C. § 1391(c)(2), by virtue of its business operations conducted throughout the State of California, including within this District.

## PARTIES

6. Plaintiff is and was, and at all relevant times mentioned herein, an individual residing in the State of California.

7. Plaintiff is informed and believes, and thereupon alleges, that Defendant LIBERTY MUTUAL INSURANCE COMPANY is, and at all relevant times mentioned herein, a Massachusetts stock corporation doing business in the State of California.

8. Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of the DOE defendants when ascertained. Plaintiff is informed and believes, and thereupon alleges, that each of the fictitiously named defendants are responsible in some manner for the occurrences, acts and omissions alleged herein and that Plaintiff's alleged damages were proximately caused by these defendants, and each of them. Plaintiff will amend this complaint to allege both the true names and capacities of the DOE defendants when ascertained.

9. Plaintiff is informed and believes, and thereupon alleges that, at all relevant times mentioned herein, some or all of the defendants were the representatives, agents, employees, partners, directors, associates, joint venturers, joint employers, principals, or co-participants of some or all of the other defendants, and, in doing the things alleged herein, were acting within the course and scope of such relationship and with the full knowledge, consent, and ratification by such other defendants.

## CLASS ALLEGATIONS

10. This action has been brought and may be maintained as a class action pursuant to Federal Rules of Civil Procedure 23 because there is a well-defined community of interest among the persons who comprise the readily ascertainable classes defined below and because Plaintiff is unaware of any difficulties likely to be encountered in managing this case as a class action.

11. **Relevant Time Period**: The relevant time period is defined as the time period beginning four years prior to the filing of this action until judgment is entered.

> **Claims Specialist/ Claims Adjuster Class:** All persons employed by Defendants in California as non-exempt employees during the **Relevant Time Period** who were Claims Specialists, Adjusters, or other positions with similar job duties.
>
> **Remote Work Class**: All persons employed by Defendants in California during the **Relevant Time Period** who worked remotely either all of the time or who worked remotely except for working onsite twice a month.
>
> **Training Class:** All persons employed by Defendants in California as non-exempt employees during the **Relevant Time Period** who were requjred at the beginning of their employment to spend a week or more in training ("Training Period.")
>
> **Claims Specialist/ Claims Adjuster Meal Period Subclass**: All **Claims Specialist/ Claims Adjuster** Class Members who worked a shift in excess of five hours during the **Relevant Time Period.**
>
> **Claims Specialist/ Claims Adjuster Rest Period Subclass**: All **Claims Specialist/ Claims Adjuster** Class Members who worked a shift of at least three and one half (3.5) hours during the **Relevant Time Period.**
>
> **Remote Work Meal Period Sub-Class**: All **Remote Work Class** members who as a non-exempt employee worked in a shift in excess of five hours during the **Relevant Time Period**.
>
> **Remote Work Rest Period Sub-Class**: All **Remote Work Class** members who as a non-exempt employee worked a shift of at least three and one-half

(3.5) hours during the **Relevant Time Period**.

**<u>Training Meal Period Sub-Class</u>**: All **Training Class** members who as a non-exempt employee worked in a shift in excess of five hours during the **Training Period** and during the **Relevant Time Period**.

**<u>Training Rest Period Sub-Class</u>**: All **Training Class** members who as a non-exempt employee worked a shift of at least three and one-half (3.5) hours during the **Training Period** and during the **Relevant Time Period**.

**<u>Wage Statement Penalties Sub-Class</u>**: All members of any of the above Classes employed by Defendants in California during the period beginning one year before the filing of this action and ending when final judgment is entered.

**<u>Waiting Time Penalties Sub-Class</u>**: All members of any of the above Classes who separated from their employment with Defendants during the period beginning three years before the filing of this action and ending when final judgment is entered.

12. **<u>Reservation of Rights</u>**: Pursuant to Rule of Court 3.765(b) and Federal Rule of Civil Procedure 23(c)(1)(C), 23(c)(4), and 23(c)(5), Plaintiff reserves the right to amend or modify the class definitions with greater specificity by further division into sub-classes and/or by limitation to particular issues.

13. **<u>Numerosity</u>**: The class members are so numerous that the individual joinder of each individual class member is impractical. While Plaintiff does not currently know the exact number of class members, Plaintiff is informed and believes, and thereupon alleges, that the actual number exceeds the minimum required for numerosity under California law.

14. **<u>Commonality and Predominance</u>:** Common questions of law and fact exist as to all class members and predominate over any questions that affect only individual class members. These common questions include, but are not limited to:

i. Whether Defendants maintained a policy or practice of failing to provide employees with their meal periods;

ii. Whether Defendants maintained a policy or practice of failing to provide employees with their rest periods;

iii. Whether Defendants failed to pay premium wages to class members when they have

not been provided with required meal and/or rest periods;

iv. Whether Defendants failed to pay minimum and/or overtime wages to class members as a result of policies that fail to provide meal periods in accordance with California law;

v. Whether Defendants failed to pay minimum and/or overtime wages to class members for all time worked;

vi. Whether Defendants failed to reimburse class members for all necessary business expenses incurred during the discharge of their duties;

vii. Whether Defendants failed to provide class members with accurate written wage statements as a result of providing them with written wage statements with inaccurate entries for, among other things, amounts of gross and net wages, and total hours worked;

viii. Whether Defendants applied policies or practices that result in late and/or incomplete final wage payments;

ix. Whether Defendants are liable to class members for waiting time penalties under Labor Code section 203;

x. Whether class members are entitled to restitution of money or property that Defendants may have acquired from them through unfair competition;

15. **Typicality:** Plaintiff's claims are typical of the other class members' claims. Plaintiff is informed and believes, and thereupon alleges, that Defendants have a policy or practice of failing to comply with the Labor Code and Business and Professions Code as alleged in this Complaint.

16. **Adequacy of Class Representative:** Plaintiff is an adequate class representative in that he has no interests that are adverse to or otherwise conflict with the interests of absent class members and is dedicated to vigorously prosecuting this action on their behalf. Plaintiff will fairly and adequately represent and protect the interests of the other class members.

17. **Adequacy of Class Counsel:** Plaintiff's counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiff or absent class members, are experienced in wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on

behalf of Plaintiff and absent class members.

18. **<u>Superiority</u>:** A class action is vastly superior to other available means for fair and efficient adjudication of the class members' claims and would be beneficial to the parties and the Court. Class action treatment will allow a number of similarly situated persons to prosecute their common claims simultaneously and efficiently in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail. In addition, the monetary amounts due to many individual class members are likely to be relatively small and would thus make it difficult, if not impossible, for individual class members to both seek and obtain relief. Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of monies owed to them. Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

## GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

19. Plaintiff worked for Defendants as an hourly, non-exempt employee from approximately May 20, 2024, through March 13, 2025.

### Off-the-Clock Work

20. Plaintiff and the putative class were not paid all wages earned as Defendants directed, permitted, or otherwise encouraged Plaintiff and the putative class to perform off-the-clock work.

21. Plaintiff and the putative class regularly started work before their scheduled work hours, and continued working after their scheduled work hours, and were not paid for this time. Plaintiff and the putative class were instructed by their trainers and managers to write on their timesheets that they worked only their normal shift hours, despite being required to watch training videos and perform other tasks before and after their shifts.

22. As a result of performing off-the-clock work that was directed, permitted, or otherwise encouraged by Defendants, Plaintiff and the putative class should have been paid for this time. Instead, Defendants only paid Plaintiff and the putative class based on the time they were clocked in for their shifts and did not pay Plaintiff and the putative class for any of the time spent working off-the-clock.

23. Defendants knew or should have known that Plaintiff and the putative class were performing work before and after their scheduled work shifts and failed to pay Plaintiff and the putative class for these hours.

24. Defendants were aware of this practice and directed, permitted, or otherwise encouraged Plaintiff and the putative class to perform off-the-clock work.

25. As a result of Defendants' policies and practices, Plaintiff and the putative class were not paid for all hours worked.

**Missed Meal Periods**

26. Plaintiff and the putative class were not provided with meal periods of at least thirty (30) minutes for each five (5) hour work period due to (1) Defendants' policy of not scheduling each meal period as part of each work shift; (2) chronically understaffing each work shift with not enough workers; (3) imposing so much work on each employee such that it made it unlikely that an employee would be able to take their breaks if they wanted to finish their work on time; and (4) no formal written meal and rest period policy that encouraged employees to take their meal and rest periods.

27. Plaintiff and the putative class often took their meal periods after the 5th hour of work, if they received one at all. Plaintiff and the putative class were instructed to write on their timesheets that they received their meal period before the fifth hour of work.

28. As a result of Defendants' policy, Plaintiff and the putative class were regularly not provided with uninterrupted meal periods of at least thirty (30) minutes for each five (5) hours worked due to complying with Defendants' productivity requirements that required Plaintiff and the putative class to work through their meal periods in order to complete their assignments on time.

**Missed Rest Periods**

29. Plaintiff and the putative class were not provided with rest periods of at least ten (10) minutes for each four (4) hour work period, or major fraction thereof, due to (1) Defendants' policy of not scheduling each rest period as part of each work shift; (2) chronically understaffing each work shift with not enough workers; (3) imposing so much work on each employee such that

it made it unlikely that an employee would be able to take their breaks if they wanted to finish their work on time; and (4) no formal written meal and rest period policy that encouraged employees to take their meal and rest periods.

30. As a result of Defendants' policy, Plaintiff and the putative class were regularly not provided with uninterrupted rest periods of at least ten (10) minutes for each four (4) hours worked due to complying with Defendants' productivity requirements that required Plaintiff and the putative class to work through their rest periods in order to complete their assignments on time.

**Expense Reimbursement**

31. Plaintiff and the putative class members were required to utilize their personal vehicles, utilities and Wi-Fi for business related purposes.

32. Plaintiff and the putative class members were not reimbursed for business expenses incurred in use of their personal vehicles, utilities and Wi-Fi.

33. Defendants failed to reimburse Plaintiff and the putative class for such necessary business expenses incurred by them.

**Wage Statements**

34. Plaintiff and the putative class were not provided with accurate wage statements as mandated by law pursuant to Labor Code § 226.

35. Defendants failed to comply with Labor Code 0167 226(a)(1) as "gross wages earned" were not accurately reflected in that all hours worked, including overtime and "off-the-clock" work were not included.

36. Defendants failed to comply with Labor Code section 226(a)(2) as "total hours worked by the employee" were not accurately reflected in that all hours worked, including overtime and "off-the-clock" work were not included.

37. Defendants failed to comply with Labor Code section 226(a)(5) as "net wages earned" were not accurately reflected in that all hours worked, including overtime and "off-the-clock" work were not included.

38. Defendants failed to comply with Labor Code section 226(a)(6) as "the inclusive dates of the period for which the employee is paid" were not included.

39. Defendants failed to comply with Labor Code section 226(a)(9) as "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee" were not accurately reflected in that all hours worked, including overtime and "off-the-clock" work were not included.

**FIRST CAUSE OF ACTION**

**FAILURE TO PROVIDE MEAL PERIODS**

**(Lab. Code §§ 204, 223, 226.7, 512 and 1198)**

**(Plaintiff and Meal Period Sub-Classes)**

40. Plaintiff incorporates by reference the preceding paragraphs as if fully alleged herein.

41. At all relevant times, Plaintiff and the **Meal Period Sub-Classes** members have been non-exempt employees of Defendants entitled to the full meal period protections of both the Labor Code and the applicable Industrial Welfare Commission Wage Order ("Wage Order").

42. Labor Code § 512 and § 11 of the applicable Wage Order impose an affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-free meal periods of at least thirty minutes for each work period of five hours, and to provide them with two uninterrupted, duty-free meal periods of at least thirty minutes for each work period of ten hours.

43. Labor Code § 226.7 and § 11 of the applicable Wage Order both prohibit employers from requiring employees to work during required meal periods and require employers to pay non-exempt employees an hour of premium wages on each workday that the employee is not provided with the required meal period.

44. Compensation for missed meal periods constitutes wages within the meaning of Labor Code § 200.

45. Labor Code § 1198 makes it unlawful to employ a person under conditions that violate the applicable Wage Order.

46. Section 11 of the applicable Wage Order states:

> "No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the

> meal period may be waived by mutual consent of the employer and employee. Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked. An 'on duty' meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

47. At all relevant times, Plaintiff was not subject to a valid on-duty meal period agreement. Plaintiff is informed and believes that, at all relevant times, **Meal Period Sub-Classes** members were not subject to valid on-duty meal period agreements with Defendants.

48. Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing Plaintiff and members of the **Meal Period Sub-Classes** with uninterrupted, duty-free meal periods for at least thirty (30) minutes for each five (5) hour work period, as required by Labor Code § 512 and the applicable Wage Order.

49. Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of failing to pay premium wages to **Meal Period Sub-Classes** members when they worked five (5) hours without clocking out for any meal period.

50. Moreover, Defendants' written policies do not provide that employees must take their first meal period before the end of the fifth hour of work, that employees are entitled to a second meal period if they work a shift of over ten hours, or that the second meal period must commence before the end of the tenth hour of work, unless waived.

51. At all relevant times, Defendants failed to pay Plaintiff and the **Meal Period Sub-Classes** members additional premium wages, and/or were not paid premium wages at the employees' regular rates of pay when required meal periods were not provided.

52. Pursuant to Labor Code §§ 204, 218.6 and 226.7, Plaintiff, on behalf of himself and the **Meal Period Sub-Classes** members, seek to recover unpaid premium wages, interest thereon, and costs of suit.

53. Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and the **Meal Period Sub-Classes** members, seeks to recover reasonable attorneys' fees.

**SECOND CAUSE OF ACTION**

**FAILURE TO PROVIDE REST PERIODS**

**(Lab. Code §§ 204, 223, 226.7 and 1198)**

**(Plaintiff and Rest Period Sub-Classes)**

54. Plaintiff incorporates the preceding paragraphs as if fully alleged herein.

55. At all relevant times, Plaintiff and the **Rest Period Sub-Classes** members have been non-exempt employees of Defendants entitled to the full rest period protections of both the Labor Code and the applicable Wage Order.

56. Section 12 of the applicable Wage Order imposes an affirmative obligation on employers to permit and authorize employees to take required rest periods at a rate of no less than ten minutes of net rest time for each four-hour work period, or major fraction thereof, that must be in the middle of each work period insofar as practicable.

57. Labor Code § 226.7 and § 12 of the applicable Wage Order both prohibit employers from requiring employees to work during required rest periods and require employers to pay non-exempt employees an hour of premium wages at the employees' regular rates of pay, on each workday that the employee is not provided with the required rest period(s).

58. Compensation for missed rest periods constitutes wages within the meaning of Labor Code § 200.

59. Labor Code § 1198 makes it unlawful to employ a person under conditions that violate the Wage Order.

60. Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing members of the **Rest Period Sub-Classes** with net rest period of at least ten minutes for each four-hour work period, or major fraction thereof, as required by the applicable Wage Order.

61. At all relevant times, Defendants failed to pay Plaintiff and the **Rest Period Sub-Classes** members additional premium wages when required rest periods were not provided.

62. Specifically, Defendants written policies do not provide that employees may take a rest period for each four hours worked, or major fraction thereof, nor that rest periods should be

taken in the middle of each work period insofar as practicable.

63. Pursuant to Labor Code §§ 204, 218.6 and 226.7, Plaintiff, on behalf of himself and **Rest Period Sub-Classes** members, seeks to recover unpaid premium wages, interest thereon, and costs of suit.

64. Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and **Rest Period Sub-Class** members, seeks to recover reasonable attorneys' fees.

**<u>THIRD CAUSE OF ACTION</u>**

**FAILURE TO PAY HOURLY AND OVERTIME WAGES**

**(Lab. Code §§ 223, 510, 1194, 1197 and 1198)**

**(Plaintiff and Training Class and Meal Period Subclasses)**

65. Plaintiff incorporates the preceding paragraphs as if fully alleged herein.

66. At all relevant times, Plaintiff and **Training Class and Meal Period Subclasses** members are or have been non-exempt employees of Defendants entitled to the full protections of the Labor Code and the applicable Wage Order.

67. Section 2 of the applicable Wage Order defines "hours worked" as "the time during which an employee is subject to the control of the employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

68. Section 4 of the applicable Wage Order requires an employer to pay non-exempt employees at least the minimum wage set forth therein for all hours worked, which consists of all hours that an employer has actual or constructive knowledge that employees are working.

69. Labor Code § 1194 invalidates any agreement between an employer and an employee to work for less than the minimum or overtime wage required under the applicable Wage Order.

70. Labor Code § 1194.2 entitles non-exempt employees to recover liquidated damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in addition to the underlying unpaid minimum wages and interest thereon.

71. Labor Code § 1197 makes it unlawful for an employer to pay an employee less than

the minimum wage required under the applicable Wage Order for all hours worked during a payroll period.

72. Labor Code § 1197.1 provides that it is unlawful for any employer or any other person acting either individually or as an officer, agent, or employee of another person to pay an employee, or cause an employee to be paid, less than the applicable minimum wage.

73. Labor Code § 1198 makes it unlawful for employers to employ employees under conditions that violate the applicable Wage Order.

74. Labor Code § 204 requires employers to pay non-exempt employees their earned wages for the normal work period at least twice during each calendar month on days the employer designates in advance and to pay non-exempt employees their earned wages for labor performed in excess of the normal work period by no later than the next regular payday.

75. Labor Code § 223 makes it unlawful for employers to pay their employees lower wages than required by contract or statute while purporting to pay them legal wages.

76. Labor Code § 510 and § 3 of the applicable Wage Order require employers to pay non-exempt employees overtime wages of no less than one and one-half times the employees' respective regular rates of pay for all hours worked in excess of eight hours in one workday, all hours worked in excess of forty hours in one workweek, and for the first eight hours worked on the seventh consecutive day of one workweek.

77. Labor Code § 510 and § 3 of the applicable Wage Order also require employers to pay non-exempt employees overtime wages of no less than two times the employees' respective regular rates of pay for all hours worked in excess of twelve hours in one workday and for all hours worked in excess of eight hours on a seventh consecutive workday during the workweek.

78. Plaintiff is informed and believes that, at all relevant times, Defendants have applied centrally devised policies and practices to him and **Training Class and Meal Period Subclasses** members with respect to working conditions and compensation arrangements.

79. At all relevant times, Defendants failed to pay hourly wages to Plaintiff and **Training Class and Meal Period Subclasses** members for all time worked, including but not limited to, overtime hours at statutory and/or agreed rates.

80. During the relevant time period, Defendants failed to pay Plaintiff and **Training Class and Meal Period Subclasses** members all earned wages every pay period at the correct rates, including overtime rates, because Defendants directed, permitted, or otherwise encouraged Plaintiff and **Training Class and Meal Period Subclasses** members to perform off-the-clock work.

81. As a result of Defendants' unlawful conduct, Plaintiff and  members have suffered damages in an amount subject to proof, to the extent they were not paid the full amount of wages earned during each pay period during the applicable limitations period, including overtime wages.

82. Pursuant to Labor Code §§ 204, 218.6, 223, 510, 1194 and 1194.2, Plaintiff, on behalf of himself and **Training Class and Meal Period Subclasses** members, seeks to recover unpaid straight time and overtime wages, interest thereon, and costs of suit.

83. Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and **Training Class and Meal Period Subclasses** members, seeks to recover reasonable attorneys' fees.

**FOURTH CAUSE OF ACTION**

**FAILURE TO INDEMNIFY**

**(Lab. Code § 2802)**

**(Plaintiff and Remote Work Class)**

84. Plaintiff incorporates the preceding paragraphs as if fully alleged herein.

85. Labor Code section 2802(a) states:

> An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

86. At all relevant times during the applicable limitations period, Plaintiff and the **Remote Work Class** members incurred necessary business-related expenses and costs, including but not limited to, gas and mileage, utilities, and Wi-Fi.

87. Plaintiff is informed and believes and thereupon alleges that the reimbursement paid by Defendants was insufficient to indemnify Plaintiff for all necessary expenses incurred in the discharge of their duties.

88. Plaintiff is informed and believes and thereupon alleges that the reimbursement paid by Defendants was insufficient to indemnify **Remote Work Class** members for all necessary business expenses incurred in the discharge of their duties.

89. At all relevant times during the applicable limitations period, Defendants required Plaintiff and the **Remote Work Class** members to pay for expenses and/or losses caused by Defendants' want of ordinary care. Defendants failed to indemnify Plaintiff and **Remote Work Class** members for all such expenditures.

90. At all relevant times during the applicable limitations period, Defendants required Plaintiff and **Remote Work Class** members to purchase and maintain uniforms and apparel unique to Defendants at Plaintiff's and **Remote Work Class** members' expense. Defendants failed to indemnify Plaintiff and **Remote Work Class** members for all such expenditures.

91. Plaintiff is informed and believes that, during the applicable limitations period, Defendants maintained a policy or practice of not reimbursing Plaintiff and **Remote Work Class** members for all necessary business expenses.

92. Accordingly, Plaintiff and **Remote Work Class** members are entitled to restitution for all unpaid amounts due and owing within four years of the date of the filing of the original Complaint and until the date of entry of judgment.

93. Plaintiff, on behalf of himself , and **Remote Work Class** members, seeks interest thereon and costs pursuant to Labor Code § 218.6 and reasonable attorneys' fees pursuant to Code of Civil Procedure § 1021.5.

**<u>FIFTH CAUSE OF ACTION</u>**

**FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS**

**(Lab. Code § 226)**

**(Plaintiff and Wage Statement Penalties Sub-Class)**

94. Plaintiff incorporates the preceding paragraphs as if fully alleged herein.

95. Labor Code § 226(a) states:

> An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an

> accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment. The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California. For purposes of this subdivision, 'copy' includes a duplicate of the itemized statement provided to an employee or a computer-generated record that accurately shows all of the information required by this subdivision.

96. The Division of Labor Standards Enforcement ("DLSE") has sought to harmonize the "detachable part of the check" provision and the "accurate itemized statement in writing" provision of Labor Code section 226(a) by allowing for electronic wage statements so long as each employee retains the right to elect to receive a written paper stub or record and that those who are provided with electronic wage statements retain the ability to easily access the information and convert the electronic statements into hard copies at no expense to the employee. (DLSE Opinion Letter July 6, 2006.)

97. Plaintiff is informed and believes that, at all relevant times during the applicable limitations period, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements as described above.

98. Plaintiff is informed and believes that Defendants' failure to provide him and **Wage Statement Penalties Sub-Class** members with accurate written wage statements were intentional in that Defendants had the ability to provide them with accurate wage statements but had intentionally provided them with written wage statements that Defendants knew do not comply with Labor Code § 226(a).

99. Plaintiff and **Wage Statement Penalties Sub-Class** members have suffered injuries,

in that Defendants have violated Plaintiff's and **Wage Statement Penalties Sub-Class** members' legal rights to receive accurate wage statements and have misled them about their actual rates of pay and wages earned. In addition, inaccurate information on their wage statements have prevented immediate challenges to Defendants' unlawful pay practices, has required discovery and mathematical computations to determine the amount of wages owed, has caused difficulty and expense in attempting to reconstruct time and pay records, and/or has led to the submission of inaccurate information about wages and deductions to federal and state government agencies.

100. Pursuant to Labor Code § 226(e), Plaintiff, on behalf of himself and **Wage Statement Penalties Sub-Class** members, seeks the greater of actual damages or fifty dollars ($50.00) for the initial pay period in which a violation of Labor Code section 226(a) occurred and one hundred dollars ($100.00) for each subsequent pay period in which a violation of Labor Code § 226(a) occurred, not to exceed an aggregate penalty of four thousand dollars ($4,000.00) per class member.

101. Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiff, on behalf of himself and **Wage Statement Penalties Sub-Class** members, seek awards of reasonable attorneys' fees and costs.

**<u>SIXTH CAUSE OF ACTION</u>**

**FAILURE TO TIMELY PAY ALL FINAL WAGES**

**(Lab. Code §§ 201–203)**

**(Plaintiff and Waiting Time Penalties Sub-Class)**

102. Plaintiff incorporates the preceding paragraphs as if fully alleged herein.

103. At all relevant times, Plaintiff and **Waiting Time Penalties Sub-Class** members have been entitled, upon the end of their employment with Defendants, to timely payment of all wages earned and unpaid before termination or resignation.

104. At all relevant times, pursuant to Labor Code § 201, employees who have been discharged have been entitled to payment of all final wages immediately upon termination.

105. At all relevant times, pursuant to Labor Code § 202, employees who have resigned after giving at least seventy-two (72) hours' notice of resignation have been entitled to payment of

all final wages at the time of resignation.

106. At all relevant times, pursuant to Labor Code § 202, employees who have resigned after giving less than seventy-two (72) hours' notice of resignation have been entitled to payment of all final wages within seventy-two (72) hours' of giving notice of resignation.

107. During the applicable limitations period, Defendants failed to pay Plaintiff all of his final wages in accordance with the Labor Code by failing to timely pay him all of his final wages.

108. Plaintiff is informed and believes that, at all relevant times during the applicable limitations period, Defendants have failed to timely pay **Waiting Time Penalties Sub-Class** members all of their final wages in accordance with the Labor Code.

109. Plaintiff is informed and believes that, at all relevant times during the applicable limitations period, Defendants have maintained a policy or practice of paying **Waiting Time Penalties Sub-Class** members their final wages without regard to the requirements of Labor Code §§ 201 or 202 by failing to timely pay them all final wages.

110. Plaintiff is informed and believes and thereupon alleges that Defendants' failure to timely pay all final wages to him and **Waiting Time Penalties Sub-Class** members have been willful in that Defendants have the ability to pay final wages in accordance with Labor Code §§ 201 and/or 202 but have intentionally adopted policies or practices that are incompatible with those requirements.

111. Pursuant to Labor Code §§ 203 and 218.6, Plaintiff, on behalf of himself and **Waiting Time Penalties Sub-Class** members, seeks waiting time penalties from the respective dates that their final wages had first become due until paid, up to a maximum of thirty days, and interest thereon.

112. Pursuant to Labor Code § 226, Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiff, on behalf of himself and **Waiting Time Penalties Sub-Class** members, seek awards of reasonable attorneys' fees and costs.

//

//

//

**<u>SEVENTH CAUSE OF ACTION</u>**

**UNFAIR COMPETITION**

**(Bus. & Prof. Code §§ 17200 *et seq*.)**

**(Plaintiff and all Classes and Sub-Classes)**

113. Plaintiff incorporates the preceding paragraphs as if fully alleged herein.

114. Business and Professions Code § 17200 defines "unfair competition" to include any unlawful business practice.

115. Business and Professions Code §§ 17203–17204 allow a person who has lost money or property as a result of unfair competition to bring a class action in accordance with Code of Civil Procedure § 382 to recover money or property that may have been acquired from similarly situated persons by means of unfair competition.

116. California law requires employers to pay hourly, non-exempt employees for all hours they are permitted or suffered to work, including hours that the employer knows or reasonably should know that employees have worked.

117. Plaintiff, on behalf of himself and the **Class** members, re-alleges and incorporates the FIRST, SECOND, THIRD, FOURTH, FIFTH, and SIXTH causes of action herein.

118. Plaintiff lost money and/or property as a result of the aforementioned unfair competition.

119. Defendants have or may have acquired money by means of unfair competition.

120. Plaintiff is informed and believes and thereupon alleges that, by committing the Labor Code violations described in this Complaint, Defendants violated Labor Code §§ 215, 216, 225, 226.6, 1175, 1199 and 2802. Defendants thus committed misdemeanors by violating the Labor Code as alleged herein.

121. Defendants have committed criminal conduct through their policies and practices of, *inter alia*, failing to comport with their affirmative obligations as an employer to provide non-exempt employees with uninterrupted, duty-free meal periods of at least thirty minutes for each work period of five or more hours, by failing to provide rest periods of at least ten (10) minutes for each four (4) hour work period, by failing to pay non-exempt employees for all hours worked, by

failing to reimburse them for all expenses, and by failing to timely pay all final wages.

122. At all relevant times, Plaintiff and **Class** members have been non-exempt employees and entitled to the full protections of both the Labor Code and the applicable Wage Order.

123. Defendants' unlawful conduct as alleged in this Complaint amounts to and constitutes unfair competition within the meaning of Business and Professions Code section 17200 *et sequitur*. Business and Professions Code §§ 17200 *et sequitur* protect against unfair competition and allow a person who has suffered an injury-in-fact and has lost money or property as a result of an unfair, unlawful, or fraudulent business practice to seek restitution on behalf of himself and on behalf of similarly situated persons in a class-action proceeding.

124. As a result of Defendants' violations of the Labor Code during the applicable limitations period, Plaintiff has suffered an injury-in-fact and has lost money or property in the form of earned wages. Specifically, Plaintiff has lost money or property as a result of Defendants' conduct.

125. Plaintiff is informed and believes that other similarly situated persons have been subject to the same unlawful policies or practices of Defendants.

126. Due to the unfair and unlawful business practices in violation of the Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their legal obligations.

127. California's Unfair Competition Law ("UCL") permits civil recovery and injunctive relief for "any unlawful, unfair or fraudulent business act or practice," including a practice or act that violates, or is considered unlawful under, any other state or federal law.

128. Accordingly, pursuant to Business & Professions Code §§ 17200 and 17203, Plaintiff requests the issuance of temporary, preliminary, and permanent injunctive relief enjoining Defendants, and each of them, and their agents and employees, from further violations of the Labor Code and applicable Industrial Welfare Commission Wage Orders, and upon a final hearing, an order permanently enjoining Defendants, and each of them, and their respective agents and employees, from further violations of the Labor Code and applicable Industrial Welfare Commission Wage Orders.

129. Pursuant to Business and Professions Code § 17203, Plaintiff, on behalf of himself and **Class** members, seeks declaratory relief and restitution of all monies rightfully belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful and unfair business practices.

130. Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiff and **Class** members are entitled to recover reasonable attorneys' fees in connection with their unfair competition claims.

**<u>EIGHT CAUSE OF ACTION</u>**

**UNFAIR COMPETITION DUE TO SECRET WAGE SCALE**

**(Bus. & Prof. Code §§ 17200 *et seq.*)**

**(Plaintiff and Remote Work Class)**

131. Plaintiff incorporates the preceding paragraphs as if fully alleged herein.

132. Business and Professions Code § 17200 defines "unfair competition" to include any unlawful business practice.

133. Business and Professions Code §§ 17203–17204 allow a person who has lost money or property as a result of unfair competition to bring a class action in accordance with Code of Civil Procedure § 382 to recover money or property that may have been acquired from similarly situated persons by means of unfair competition.

134. Plaintiff, on behalf of himself and the **Class** members, re-alleges and incorporates the FOURTH cause of action herein

135. Defendant engaged in an unlawful and unfair business practice in violation of Business & Professions Code section 17200 and Labor Code sections 223 and 2802 by imposing expenses on employees that should be borne by the employer including expenses incurred as a result of working from home.

136. Plaintiff lost money and/or property as a result of the aforementioned unfair competition.

137. Defendants have or may have acquired money by means of unfair competition.

138. Plaintiff is informed and believes and thereupon alleges that, by committing the

Labor Code violations described in this Complaint, Defendants violated Labor Code § 2802 by failing to reimburse for expenses related to working from home, and Labor Code § 223 by secretly paying less than a designated wage scale as a result of not reimbursing for theses expenses. Defendants thus committed misdemeanors by violating the Labor Code as alleged herein.

139. Defendants' unlawful conduct as alleged in this Complaint amounts to and constitutes unfair competition within the meaning of Business and Professions Code section 17200 *et sequitur*. Business and Professions Code §§ 17200 *et sequitur* protect against unfair competition and allow a person who has suffered an injury-in-fact and has lost money or property as a result of an unfair, unlawful, or fraudulent business practice to seek restitution on behalf of himself and on behalf of similarly situated persons in a class-action proceeding.

140. As a result of Defendants' violations of the Labor Code during the applicable limitations period, Plaintiff has suffered an injury-in-fact and has lost money or property in the form of earned wages. Specifically, Plaintiff has lost money or property as a result of Defendants' conduct.

141. Plaintiff is informed and believes that other similarly situated persons have been subject to the same unlawful policies or practices of Defendants.

142. Due to the unfair and unlawful business practices in violation of the Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their legal obligations.

143. California's Unfair Competition Law ("UCL") permits civil recovery and injunctive relief for "any unlawful, unfair or fraudulent business act or practice," including a practice or act that violates, or is considered unlawful under, any other state or federal law.

144. Accordingly, pursuant to Business & Professions Code §§ 17200 and 17203, Plaintiff requests the issuance of temporary, preliminary, and permanent injunctive relief enjoining Defendants, and each of them, and their agents and employees, from further violations of the Labor Code and applicable Industrial Welfare Commission Wage Orders, and upon a final hearing, an order permanently enjoining Defendants, and each of them, and their respective agents and employees, from further violations of the Labor Code and applicable Industrial Welfare

Commission Wage Orders.

145. Pursuant to Business and Professions Code § 17203, Plaintiff, on behalf of himself and **Remote Work Class** members, seeks declaratory relief and restitution of all monies rightfully belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful and unfair business practices.

146. Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiff and **Remote Work Class** members are entitled to recover reasonable attorneys' fees in connection with their unfair competition claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, all other current and former non-exempt employees, prays for relief and judgment against Defendants as follows:

(1) An order that the action be certified as a class action;

(2) An order that Plaintiff be appointed class representative;

(3) An order that counsel for Plaintiff be appointed class counsel;

(4) Unpaid wages;

(5) Actual damages;

(6) Liquidated damages;

(7) Restitution;

(8) Declaratory relief;

(9) Pre-judgment interest;

(10) Statutory penalties;

(11) Civil penalties;

(12) Costs of suit;

(13) Reasonable attorneys' fees; and

(14) Such other relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of himself, all other current and former non-exempt employees, hereby demands a jury trial on all issues so triable.

Dated: August 10, 2026 SETAREH LAW GROUP

*/s/ Thomas Segal*
SHAUN SETAREH
THOMAS SEGAL
FARRAH GRANT
Attorneys for Plaintiff
LESTER PEREZ